1  SIOFRA BYRNE, CASBN 271730
2  PAUL ALAGA, CASBN 221165
   885 Bryant Street, Suite 202
3  San Francisco, California 94103
   415-581-0885 Tel.
4  415-581-0887 Fax.
   Attorneys for Plaintiff
5

6

7

8

9                    UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13  SEAN GUALILLO,                          Case No.  16-5584

14                       Plaintiff,         **COMPLAINT FOR PERSONAL INJURIES**
                                            **AND DAMAGES FOR VIOLATION OF**
15        vs.                               **CIVIL RIGHTS.**

16                                          **JURY TRIAL DEMANDED**

17  SAN FRANCISCO POLICE DEPARTMENT;
    CITY AND COUNTY OF SAN FRANCISCO, a
18  municipal corporation; San Francisco Police
    Officer MILEN BANEGAS, Star No. 963; San
19  Francisco Police Officer BRENDAN
    CARAWAY, Star No. 2258; and DOES 1-50,
20

21                       Defendants.

22  _____/

23

24                         **JURISDICTION**

25  1.      This action arises under Title 42 of the United States Code, § 1983.  Jurisdiction is conferred

26  upon this Court by Title 28 of the United States Code, §§ 1331 and 1343.  The unlawful acts and

27

28

1    practices alleged herein occurred in the City and County of San Francisco, California, which is within
2    this judicial district.

3    2.      For State causes of action related to Federal claims, Plaintiffs are required to comply with an
4    administrative claim requirement under California law.  Plaintiffs have complied with all applicable
5    requirements.

6

7                                              **PARTIES**

8    3.      The Plaintiff Sean Gualillo (hereinafter "PLAINTIFF") is an individual, over the age of
9    eighteen.

10   4.      Defendant San Francisco Police Department (hereinafter "DEPARTMENT") is responsible
11   for administering the jail facilities and for making, overseeing and implementing the policies,
12   practices and customs challenged herein relating to the operation of the San Francisco County jails.

13   5.      Defendant, CITY AND COUNTY OF SAN FRANCISCO, (Hereinafter "CITY") is and at all
14   times mentioned herein was a charter city duly organized and existing under the Constitution and
15   laws of the State of California.  The DEPARTMENT operates under the authority of Defendant
16   CITY.

17   6.      San Francisco Police Officer MILEN BANEGAS, Star No. 963, (hereinafter "BANEGAS");
18   is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and
19   practices herein.  BANEGAS was and at all times during the times herein alleged employed by the
20   DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

21   7.      San Francisco Police Officer BRENDAN CARAWAY, Star No. 2258, (hereinafter
22   "CARAWAY"); is and was an officer for the DEPARTMENT during the time of the alleged
23   unlawful acts and practices herein.  CARAWAY was and at all times during the times herein alleged
24   employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

25   8.      At all times herein mentioned, defendant DOES 1-50, each of them, were the agents, servants,
26   and employees of defendants DEPARTMENT and CITY, and were acting within the course and
27   scope of such agency and employment with defendants DEPARTMENT and CITY.

28

9.      PLAINTIFF continues to be ignorant of the true names and capacities of Defendants, DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein.  PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

10.     In engaging in the conduct described herein, Defendants BANEGAS, CARAWAY and DOES 1-50 acted under the color of law and in the course and scope of their employment with Defendants DEPARTMENT and CITY.  In engaging in the conduct described herein, Defendants BANEGAS, CARAWAY and DOES 1-50 exceeded the authority vested in them as police officers under the United States and California Constitutions and as deputy sheriffs employed by Defendants DEPARTMENT and CITY.

11.     Defendants BANEGAS, CARAWAY and DOES 1-50 have engaged in repeated acts of misconduct similar to those alleged herein while employed with Defendant DEPARTMENT and CITY.

**STATEMENT OF FACTS**

12.     On or about September 22, 2015, Defendant police officers BANEGAS, CARAWAY and DOES 1-25 unlawfully detained, arrested, and battered PLAINTIFF.

13.     PLAINTIFF, a Florida resident, was on holiday with his friend, Kyle Writt (hereinafter "WRITT"), in San Francisco.  At approximately six o'clock in the afternoon, PLAINTIFF and WRITT, were skateboarding down Market Street in San Francisco and came to the crosswalk at Market and Hyde Streets.  At the same time, BANEGAS and CARAWAY were on duty for the DEPARTMENT in plainclothes.

14.     PLAINTIFF and WRITT attempted to cross the intersection, when PLAINTIFF felt someone attempt to grab his skateboard from behind and turned to see a man (later identified as CARAWAY) and woman (later identified as BANEGAS) wearing black hoodies and backwards baseball caps. The two individuals in hoodies and backwards baseball caps told PLAINTIFF that they were cops and

demanded the he give them his skateboard.  BANEGAS and CARAWAY grabbed PLAINTIFF and physically pulled him towards the curb. BANEGAS then grabbed PLAINTIFF'S hand and began to attempt to pry the skateboard from his hand and demanded that he give them his skateboard. CARAWAY also grabbed PLAINTIFF'S hand and further attempted to take the skateboard from PLAINTIFF.  CARAWAY then tried to slam PLAINTIFF to the ground by grabbing his hair. After grabbing PLAINTIFF'S hair, CARAWAY grabbed PLAINTIFF'S throat and began choking him. Both CARAWAY and BANEGAS then slammed PLAINTIFF onto the pavement.  While on the pavement, CARAWAY and BANEGAS continued to choke PLAINTIFF'S neck.

15.     Uniformed DEPARTMENT police officers subsequently arrived and placed PLAINTIFF under arrest and due to his injuries transported by ambulance to San Francisco General Hospital. Upon discharge from SFGH, PLAINTIFF was booked in the county jail where he spent fourteen hours in custody before he was able to post bail.

16.     During this encounter, PLAINTIFF was concerned for his physical safety.  He did not know if he was being robbed and if his life was in danger.  Further, he did not feel free to leave or go about his business.  PLAINTIFF repeatedly demanded to see identification from CARAWAY and BANEGAS.  PLAINTIFF did not see, nor was he provided, any identifying identification corroborating their assertion that they were police officers.  During this encounter, PLAINTIFF requested that he be provided identification, including their names and badges numbers and further informed the two individuals that he was a tourist from Florida and that he was here on holiday. BANEGAS and CARAWAY refused to provide PLAINTIFF with any identification or reason for their detention and demand for his skateboard.

17.     PLAINTIFF was falsely imprisoned, and mentally and emotionally injured and damaged as a proximate result of this incident.

18.     PLAINTIFF sustained serious personal injuries, emotional harm and property damage.

19.     The assault and battery on PLAINTIFF described herein was brutal, malicious, and done without any just provocation or cause, proximately causing PLAINTIFF'S injuries and resulting damages.  Further, Defendants BANEGAS, CARAWAY, and DOES 1-25 neither had reasonable suspicion to detain PLAINTIFF nor probable cause to seize or arrest him.  Moreover, Defendants

1  BANEGAS, CARAWAY, and DOES 1-25 conduct was excessive and unwarranted under the

2  circumstances and did not comport with the dictated of the Fourth Amendment and Due Process.

3

4                                    **DAMAGES**

5  20.     As a proximate result of Defendants CITY, DEPARTMENT, BANEGAS, CARAWAY, and

6  DOES 1-50's conduct, PLAINTIFF suffered pain and physical injuries.  As a further proximate result

7  of Defendants' conduct, PLAINTIFF suffered severe and extreme emotional distress, fear, terror,

8  anxiety, humiliation, and loss of his sense of security, dignity, and pride.  PLAINTIFF was mentally

9  and emotionally injured and damaged as a proximate result of this incident.

10  21.     The conduct of Defendants BANEGAS, CARAWAY and DOES 1-25 were malicious,

11  wanton, and oppressive.  PLAINTIFF is therefore entitled to an award of punitive damages against

12  said Defendants.

13  22.     PLAINTIFF found it necessary to engage the services of private counsel to vindicate his

14  rights under the law.  PLAINTIFF is therefore entitled to an award of all attorney's fees incurred in

15  relation to this action for violation of their civil rights.

16

17                            **FIRST CAUSE OF ACTION**

18                                 **(42 U.S.C. § 1983)**

19       **(Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)**

20  23.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 22

21  of this Complaint.

22  24.     In doing the acts complained of herein, Defendants BANEGAS, CARAWAY, and DOES 1-

23  25, inclusive, and/or each of them, acted under color of law to deprive PLAINTIFF of certain

24  constitutionally protected rights, including, but not limited to:

25       a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

26           and Fourteenth Amendments to the United States Constitution;

27       b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by

28           the Fifth and Fourteenth Amendments to the United States Constitution;

c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendants DEPARTMENT, CITY and DOES 26-50)

25.   PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26.   PLAINTIFF is informed and believes and thereon alleges that high ranking officials of Defendants DEPARTMENT and CITY, including high ranking deputy supervisors, such as Defendants DOES 26-50, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendants DOES 1-25, and/or each of them.

27.   Despite having such notice, PLAINTIFF is informed and believes and thereon alleges that Defendants DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said Defendants DOES 1-25.

28.   PLAINTIFF is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, Defendants DOES 26-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the PLAINTIFF'S rights as alleged herein.

29.   The aforementioned acts and/or omissions and/or deliberate indifference by high ranking officials of Defendants DEPARTMENT and CITY, including Defendants DOES 26-50, and each of them resulted in the deprivation of PLAINTIFF'S constitutional rights including, but not limited to, the following:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.  The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendants DEPARTMENT, CITY and DOES 26-50)

30.  PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31.  As against Defendants DEPARTMENT, CITY and DOES 26-50 in their capacity as policy-makers for Defendants DEPARTMENT and CITY, PLAINTIFF further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

32.  PLAINTIFF is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of DEPARTMENT, CITY, and DOES 26-50, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendants DEPARTMENT, CITY and DOES 26-50, and each of them.

33.     The injuries and damages to PLAINTIFF as alleged herein was the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants DEPARTMENT, CITY and DOES 26-50, and each of them.

34.     PLAINTIFF is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the DEPARTMENT.

35.     PLAINTIFF is further informed and believes and upon such information and belief alleges that PLAINTIFF'S damages and injuries were caused by customs, policies, patterns or practices of Defendants DEPARTMENT, CITY and DOES 26-50, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants DOES 1-25 and/or each of them.

36.     The aforementioned customs, policies or practices of DEPARTMENT, CITY and DOES 26-50, and each of them, resulted in the deprivation of PLAINTIFF'S constitutional rights including, but not limited to, the following:

   a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

   d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.


**FOURTH CAUSE OF ACTION**

**(Assault)**

**(Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)**

37.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38.     Defendant Officers BANEGAS, CARAWAY, and DOES 1-25, inclusive, placed PLAINTIFF in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

39.     These Defendants' conduct was neither privileged nor justified under statute or common law.

40.     As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter set forth.

        WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

### (Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)

41.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42.      Defendant Officers BANEGAS, CARAWAY, and DOES 1-25, inclusive, placed PLAINTIFF in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

43.     These Defendant Officers BANEGAS, CARAWAY, and DOES 1-25's conduct was neither privileged nor justified under statute or common law.

44.     As a proximate result of Defendant Officers BANEGAS, CARAWAY, and DOES 1-25's conduct, PLAINTIFF suffered damages as hereinafter set forth.

        WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

//

//

**SIXTH CAUSE OF ACTION**

**(False Imprisonment)**

**(Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)**

45.   PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46.   Defendant Officers WAZWAZ, GOROSTIZA, and DOES 1-25, inclusive, falsely imprisoned PLAINTIFF without probable cause.  PLAINTIFF had not committed any crime, and there was no basis upon which defendants could have reasonably believed that PLAINTIFF had committed any crime.

47.   Defendant Officers WAZWAZ, GOROSTIZA, and DOES 1-25, inclusive, failed to observe proper procedures in falsely imprisoning PLAINTIFF without probable cause.  These Defendants exceeded the limits of their authority as police officers in falsely imprisoning the PLAINTIFF without probable cause, and in using excessive and unnecessary force against Plaintiff.

48.   As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)**

49.   PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint.

50.   The conduct of Defendant Officers BANEGAS, CARAWAY, and DOES 1-25, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by individuals in a democratic and civilized society.  Defendants DOES 1-25, inclusive, committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon PLAINTIFF.

51.     As a proximate result of Defendant Officers BANEGAS, CARAWAY, and DOES 1-25's willful, intentional and malicious conduct, PLAINTIFF suffered severe and extreme mental and emotional distress.  Therefore, PLAINTIFF is entitled to an award of punitive damages as against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)

52.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

53.     The wrongful conduct of Defendant Officers BANEGAS, CARAWAY, and DOES 1-25, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of PLAINTIFF.

54.     As a proximate result of Defendants' negligent conduct, PLAINTIFF has suffered severe emotional and mental distress, having a traumatic effect on PLAINTIFF'S emotional tranquility.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Violation of Civil Code Section 51.7)

### (Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)

55.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 54 of this complaint.

56.     PLAINTIFF is informed and believes and thereon alleges that the conduct of Defendant Officers BANEGAS, CARAWAY, and DOES 1-25, inclusive, as described herein, was motivated by racial prejudice against Plaintiff.  In engaging in such conduct, Defendants violated PLAINTIFF'S

rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

57. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

58. As a proximate result of Defendants' wrongful conduct, PLAINTIFF suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**

**(Violation of Civil Code Section 52.1)**

**(Against Defendant Officers BANEGAS, CARAWAY, and DOES 1-25)**

59. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 58 of this Complaint.

60. The conduct of Defendant Officers BANEGAS, CARAWAY, and DOES 1-25, inclusive, as described herein, acting in the course and scope of their employment for Defendant DEPARTMENT, CITY violated California Civil Code Section 52.1, in that they interfered with PLAINTIFF'S exercise and enjoyment of their civil rights, through use of wrongful and excessive force.

61. As a direct and proximate result of Defendant Officers BANEGAS, CARAWAY, and DOES 1-25's, violation of Civil Code Section 52.1, PLAINTIFF suffered violations of their constitutional rights, and suffered damages as set forth herein.

62. Since this conduct occurred in the course and scope of their employment, Defendant DEPARTMENT and CITY are therefore liable to PLAINTIFF pursuant to respondeat superior.

63. PLAINTIFF is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

//

**ELEVENTH CAUSE OF ACTION**

**(Negligence)**

**(Against Defendant Officers DEPARTMENT, CITY, BANEGAS, CARAWAY,**

**and DOES 1-50)**

64.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 63 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants BANEGAS, CARAWAY and DOES 1-50, and any and all allegations requesting punitive damages.

65.     At all times herein mentioned Defendants BANEGAS, CARAWAY and DOES 1-50, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and detaining inmates are people in their charge.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), DEPARTMENT and CITY are vicariously liable to Plaintiff for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

66.     As a proximate result of Defendants' negligent conduct, PLAINTIFF suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on PLAINTIFF'S emotional tranquility, and suffered damages.

        WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.


**TWELFTH CAUSE OF ACTION**

**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**

**(Against Defendants DEPARTMENT, CITY and DOES 26-50)**

67.     PLAINTIFF re-alleges and incorporate by reference herein paragraphs 1 through 66 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants DEPARTMENT, CITY and DOES 26-50, and any and all allegations requesting punitive damages.

68.     At all times herein mentioned, Defendants DEPARTMENT and CITY by and through its supervisory employees and agents Defendants DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to other individuals.  With deliberate indifference Defendants DEPARTMENT, CITY and DOES 26-50, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of PLAINTIFF'S rights and injury to said PLAINTIFF. Defendants DEPARTMENT, CITY and DOES 26-50, inclusive, breached their duty of care to individuals in that Defendants DEPARTMENT, CITY and DOES 26-50, inclusive, failed to adequately train their deputy officers, including Defendants BANEGAS, CARAWAY and DOES 1-25, inclusive, in the proper and reasonable use of force, the proper and reasonable making of arrests, and treating individuals in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating individuals in a manner that is not racially discriminatory.  This lack of adequate supervisory training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by deputy officers employed by Defendants DEPARTMENT and CITY the continuing failure to make proper and reasonable arrests by deputy officers employed by Defendants DEPARTMENT and CITY and continuing racially discriminatory behavior towards individuals by deputy officers employed by Defendants DEPARTMENT and CITY.

69.     As a proximate result of Defendants DEPARTMENT, CITY and DOES 26-50's, inclusive, negligent conduct, PLAINTIFF suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

        WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

//

//

**JURY DEMAND**

PLAINTIFF hereby demands a jury trial in this action.


**PRAYER**

WHEREFORE, PLAINTIFF prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For injunctive relief enjoining Defendants DEPARTMENT and CITY from authorizing, allowing, or ratifying the practice by any police officer employee of Defendants DEPARTMENT and CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.


Dated:  September 30, 2016                    /s/ Paul L. Alaga

                                               Paul L. Alaga,
                                               Attorney for Plaintiff